UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FACTORY MUTUAL**<br>**INSURANCE COMPANY**<br>**t/a FM GLOBAL**<br>270 Central Avenue<br>Johnston, Rhode Island 02919<br><br>    *Plaintiff,*<br><br>v.<br><br><br>**RELIANCE ROOFING**<br>**AND WATERPROOFING, INC.**<br>10379 Central Park Drive, Suite 200<br>Manassas, VA 20110<br><br>**Serve: Corporation Service Company**<br>    Registered Agent<br>    1090 Vermont Ave. NW<br>    Washington, D.C. 20005<br><br>*and*<br><br>**TITAN RESTORATION**<br>**COMPANY**<br>6583 Merchant Place<br>Suite 200<br>Warrenton, VA 20187<br><br>**Serve: Anita Puckett**<br>    Registered Agent<br>    6583 Merchant Place<br>    Suite 200<br>    Warrenton, VA 20187<br><br>    *Defendants.* | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*    Case No.:_____<br><br><br>*<br><br>*<br><br>*<br><br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

4895-4549-7641, v. 2

Plaintiff, Factory Mutual Insurance Company, t/a FM Global, through counsel initiates this civil action against Defendants, Reliance Roofing and Waterproofing, Inc., and Titan Restoration Company, alleging as follows:

## NATURE OF THE ACTION

This is a subrogation action for damages arising out of negligent work performed at a residential condominium building that caused substantial damages and losses to the building located at 4201 Cathedral Avenue NW, Washington, D.C. 20016 (the "Property"). FM Global paid for the cost of repair pursuant to the policy of insurance in place at the time of the loss, and now seeks to recover from Defendants the extent of those payments.

## PARTIES

1. Plaintiff, Factory Mutual Insurance Company, trading as FM Global ("FM Global"), is and was at all relevant times an insurance company organized under the laws of the State of Rhode Island, with its principal place of business in Rhode Island, conducting business as an authorized insurance provider in the District of Columbia.

2. At all relevant times, FM Global provided insurance coverage to The Towers Condominium Association ("The Towers"), a non-party condominium association for the residential building located at 4201 Cathedral Avenue NW, Washington, D.C. 20016, subject to the terms and conditions of the Policy of insurance (the "Policy").

3. Reliance Roofing and Waterproofing, Inc. ("Reliance Roofing") is a North Carolina corporation with its principal place of business in Virginia at 10379 Central Park Drive, Suite 200, Manassas, VA 20110. Reliance Roofing is a roofing contractor in the District of Columbia and surrounding areas.

4. Titan Restoration Company ("Titan Restoration") is a Virginia corporation with its principal place of business located at 6583 Merchant Place, Suite 200, Warrenton, VA 20817.

Titan Restoration engages in the business of exterior building restoration in the District of Columbia and surrounding areas.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C § 1332(a). This is a civil action where jurisdiction is founded on diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over Reliance Roofing because it contracted for and performed the work giving rise to this claim in the District of Columbia and caused tortious injury in the District of Columbia by act or omission in the District of Columbia.

7. This Court has personal jurisdiction over Titan Restoration, because it contracted for and performed the work giving rise to this claim in the District of Columbia and caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

8. Venue is proper under 28 U.S.C § 1391(a) as a substantial part of the events giving rise to the claim occurred in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

9. On or about March 17, 2019, Reliance Roofing entered into a contract with The Towers to perform roof replacement and fall protection installation work at the East Tower building at the Property.

10. The Property is more than 60 years old.

11. Upon information and belief, Reliance Roofing subcontracted with Titan Restoration to perform the roof repair at the Property.

12. On or about July 19, 2019, while working at the Property, an employee of Titan Restoration, which performing flashing work on the roof, cut an electric cable cord disrupting power to two (2) elevators and rooftop fans, which led to electrical cable damage and losses.

13. Standard construction practices identified by the Occupational Safety and Health Administration ("OSHA") Code 1926.416(a)(3) establishes that "before work is begun a [contractor] shall ascertain by inquiry or direct observation, or by instruments, whether any part of an energized electric power circuit, exposed or concealed, is so located that the performance of the work may bring any person, tool, or machine into physical or electrical contact with the electric power circuit."

14. The OSHA standard further states: "the [contractor] shall post and maintain proper warning signs where such a circuit exists…and shall advise employees of the location of such lines, the hazards involved, and the protective measures to be taken."

15. Reliance Roofing and/or Titan Restoration failed to abide by standard construction practices by beginning the work before locating the electrical circuit.

16. Reliance Roofing and/or Titan Restoration knew or should have known that, due to the age of the building, any building drawings could not be relied upon and the above-referenced OSHA standard and practice must be followed.

17. Reliance Roofing and/or Titan Restoration had the specialized knowledge and ability to utilize the standard construction practices before beginning the work and failed to do so.

18. Reliance Roofing and/or Titan Restoration's deviation for the applicable standard caused the damages at the Property on July 19, 2019.

19. Further, pursuant to the AIA Agreement, between Reliance Roofing and The Towers, Reliance Roofing, as the Contractor, shall be solely responsible for and have control over the construction means, methods, techniques, sequences, and procedures, and for coordinating all portions of the work under the contract. Article 9.2.1. See AIA Agreement attached as Exhibit 1.

4895-4549-7641, v. 2

20. In addition, the AIA Agreement states that any contracts between the Contractor and Subcontractor must bind the Subcontractor by the terms of the contract documents and to assume toward the Contractor all obligations and responsibilities. Article 11.3. See Exhibit 1.

21. At the time of this loss, the Policy insured against covered risks to The Towers' property at the District of Columbia location where the loss occurred.

22. As a direct result of Reliance Roofing and Titan Restoration's failure to survey for electrical connections prior to restoration, The Towers incurred $456,161.64 in damages, which included full replacement of the cable cord, electrical repairs to the elevator, rooftop fans, and all necessary work to compete the necessary repairs.

23. Pursuant to the terms and conditions of the Policy, FM Global paid The Towers the sum of $446,161.64, excluding the deductible, for property damage covered under the Policy.

24. FM Global is subrogated to the rights of The Towers to the extent of the sums paid by it to its insured for the damages sustained.

## COUNT I – NEGLIGENCE

25. FM Global adopts by reference and incorporates each and every allegation set forth above as though fully set forth herein.

26. Reliance Roofing had a duty to (1) properly supervise all construction means, methods, techniques, sequences, and procedures, and (2) use reasonable care when performing work at the Property, including survey all work areas for electrical connections prior to performing work.

27. As a subcontractor under the Contract, Titan Restoration had a duty to use reasonable care when performing work at the Property, including survey all work areas for electrical connections prior to performing work.

4895-4549-7641, v. 2

28. Reliance Roofing breached its duties when it failed to use reasonable care and properly supervise its subcontractors, including failing to instruct Titan Restoration to survey all work areas for electrical connections prior to performing work.

29. Titan Restoration breached its duty when it failed to use reasonable care when performing its work at the Property, including failing to survey behind the brick wall for electrical connections prior to performing work.

30. As a direct and proximate result of Reliance Roofing's and Titan Restoration's negligence and carelessness, an electric cord was cut during performance of the work causing damage to the wire and electrical failure of the elevators and rooftop fans and severe and extensive damage to the Property.

31. The aforementioned damaged electrical cord, and the resulting damages sustained by The Towers, was directly and proximately caused by the negligence, carelessness, recklessness, gross negligence, and/or omissions of Defendants, Reliance Roofing and Titan Restoration.

32. Pursuant to the terms and conditions of the Policy, FM Global paid The Towers for property damage due and owing under the Policy.

33. In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Policy, FM Global is subrogated to the rights of The Towers to the extent of its payments.

**WHEREFORE**, Plaintiff, Factory Mutual Insurance Company d/b/a FM Global, requests that this Court enter judgment against Defendants Reliance Roofing and Waterproofing, Inc., and Titan Restoration Company, for compensatory damages in the amount of Four Hundred Forty-Six Thousand One Hundred Sixty-One Dollars and Sixty-Four Cents ($446,161.64) plus interest and costs.

4895-4549-7641, v. 2

Respectfully submitted,

/s/ *Craig D. Roswell*
Craig D. Roswell, Esq. (Bar No. (#1048238)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783 – 6341
(410) 783 – 6486 *facsimile*
*cdroswell*@nilesbarton.com
*Counsel for Plaintiff,*
*Factory Mutual Insurance Company t/a FM Global*